PAILLARD and others *v.* BRUNO.

*(Circuit Court, S. D. New York.    December 26, 1886.)*

PATENTS FOR INVENTIONS—EXPIRATION—FOREIGN PATENT—REV. ST. U. S. § 4887.

    Under section 4887, Rev. St. U. S., a patent for an invention which had been previously patented in England for the term of 14 years does not expire until 14 years from date of the English patent, notwithstanding the grant of the English patent has terminated by the failure of the patentee to pay the stamp duty required to be paid as a condition of the continuance of the grant beyond the term of three years.

In Equity.

*Goepel & Raegener*, for plaintiffs.

*John R. Bennett*, (*Richard M. Bruno*, of counsel,) for defendant.

WALLACE, J.    The bill of complaint alleges infringement by the defendant of letters patent of the United States of the date of March 23, 1875, granted to Charles Paillard for an improvement in music-boxes. The plea of the defendant alleges, in substance, that, prior to the grant of the patent in suit, the invention which is the subject of the patent had been patented by Paillard, in England, by letters patent of the date of October 26, 1874, for the term of 14 years, which grant determined before the commission of the acts of infringement complained of, to-wit, October 26, 1877, by the failure of the patentee to pay the stamp duty required to be paid by the terms of the English patent as a condition of the continuance of the grant beyond the term of three years from its date. The plea presents the question whether the patent in suit expired upon the failure of the patentee to pay the stamp duty which he was required to pay in order to prolong the existence of the English patent, or whether it does not expire until the expiration of the original term of the English patent.    This question depends upon the meaning of that part of section 4887 of the United States Revised Statutes which provides that "every patent for an invention, which has been previously patented in a foreign country, shall be so limited as to expire at the same time with

the foreign patent, or, if there be more than one, at the same time with the one having the shortest term, and in no case shall it be in force more than seventeen years." The defendant contends that congress intended to declare that the patent shall not remain in force beyond the time when the foreign patent ceases to be in force, and that the right to the monopoly in the United States shall cease with the right to it in the country of the foreign patent.

The precise question has been considered and decided adversely to the defendant in this court by Judge WHEELER, in the case of *Holmes Electric Protective Co.* v. *Metropolitan Burglar Alarm Co.*, 21 Fed. Rep. 458. That decision was upon a motion for a preliminary injunction, and should not necessarily preclude further consideration upon a more deliberate hearing; but it is supported by the decisions in *Henry* v. *Providence Tool Co.*, 3 Ban. & A. 501, and *Reissner* v. *Sharp*, 16 Blatchf. 383. Both of these were cases in which the original term of the foreign patent had been extended subsequently to the grant of the United States patent, and it was contended that the prolongation of the term of the foreign patent, by an extension, prolonged correspondingly the term of the United States patent. It was held in both cases that the section in question should be construed to mean that the United States patent is to expire at the time of the original term of a foreign patent for the same invention. In *Henry* v. *Providence Tool Co.*, Justice CLIFFORD said: "Congress employs the words 'the foreign' patent, evidently referring to the *term* of the foreign patent to define the term of the domestic patent;" and his conclusion was reached upon the consideration that congress could not have intended to grant a patent for an indefinite term, or for an uncertain and undefined duration, which would be the case if its duration could not be ascertained by referring to the foreign patent, or were to depend upon any events occurring subsequently to the issue of the foreign patent. He also considered that the use of the word "term," in reference to a foreign patent, when there is more than one, indicates that the time of expiration is to be ascertained by the term of the patent, and because the use of the word "term," in reference to a foreign patent, when more than one such patent exists, indicates what was meant as the time of duration. In *Reissner* v. *Sharp*, the force of these considerations was recognized by Judge BLATCHFORD in reaching the same conclusion. According to the construction thus placed upon the section, it should be read as though it declared that the United States patent is to expire at the same time with the term of the foreign patent previously obtained for the same invention, or, if there be more than one, at the same time with one having the shortest term. Upon this construction the duration of the term of the United States patent is fixed when the patent issues, according to the maxim *id certum est quod certum reddi potest.* Upon any other construction, neither the commissioner of patents, nor the patentee, nor the public, would know the duration of the grant. The term of a patent is the period of duration expressed in the grant. It may be terminated by operation of law, or by the act of the parties, at an earlier time; and consequently it might happen that of two patents the one having the

shortest term may have the longest life. Unless the true meaning of the section is as indicated, the patent might expire, if there were two foreign patents, at the same time with the one having the longest term; and, in a case like the present, by the non-payment of a stamp duty, notwithstanding the language of the section that in such case it is to expire with the one having the shortest term.

The prior legislation of congress does not throw any light upon the question of legislative intent, and the argument that it was the intention of congress to provide that the exclusive right to the invention here should cease with the exclusive right of the patentee in any foreign country rests solely upon the language of the section. Such was not the purpose of the act of July 4, 1836, or the act of March 3, 1839, both of which enabled a patentee to enjoy a monopoly here when his invention had become public property abroad. Supposed considerations of policy are a very unreliable guide in the interpretation of statutory law, when they are not derived from the law itself, or acts *in pari materia;* and the argument in the present case would tend to a construction of the section which would fix the duration of a United States patent by the extension of a foreign patent, or the renewal of one capable of prolongation, like an Austrian patent.

The plea is overruled.